IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MATTHEW DIONYSIUS**, *Individually, on behalf of himself and on behalf of others similarly situated*,

    Plaintiff,

v.

**HANKOOK TIRE MANUFACTURING TENNESSEE, LP**, *a Tennessee Corporation,*

    Defendant.

Case No. _____

JURY TRIAL DEMANDED
FLSA Opt-In Collective Action

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Matthew Dionysius ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid employees of Hankook Tire Manufacturing Tennessee, LP ("Hankook"), by and through his counsel, brings his claims for "off-the-clock" and overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Hankook and, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief and, based upon the investigation made by his counsel, alleges as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Hankook conducts business within this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## II. PARTIES

3. Plaintiff Matthew Dionysius was, at all material times, a resident of Tennessee and worked as a hourly-paid (protective safety geared) employee of Hankook at its Clarksville, Tennessee facility during the three (3) year period immediately preceding the filing of this Collective Action Complaint (hereinafter "Violation Period"). Specifically, Plaintiff Dionysius was employed as an hourly-paid Maintenance Employee. Plaintiff Dionysius' Consent to Join this Collective Action as a Named Plaintiff is attached hereto as *Exhibit A*.

4. Plaintiff is an "employee" as defined by the FLSA, who worked as an hourly-paid (protective safety geared) employee of Hankook during the Violation Period.

5. Defendant Hankook Tire Manufacturing Tennessee, LP is a Tennessee Corporation with its principal address and corporate headquarters located at 2950 International Boulevard, Clarksville, Tennessee 37040. Hankook is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Justin Shellaway at 330 Commerce Street, Suite 600, Nashville, Tennessee 37201.

## III. FACTUAL BACKGROUND

6. Hankook classified all its Covered Employees as non-exempt under the FLSA and paid them an hourly rate. Plaintiff shared the same or similar compensation and other work-related plans, policies and practices with the Covered Employees.

7. Plaintiff and other similarly situated hourly-paid (protective safety geared) employees of Hankook were typically scheduled to work at least forty (40) hours per week, but at times worked additional hours, including overtime hours in excess of forty (40) hours per week.

**Covered Employees Worked "Off-The-Clock"**

8. Plaintiff and other similarly situated employees worked "off-the-clock" prior to and outside their regularly scheduled hours during the Violation Period without receiving compensation for such "off-the-clock" work, as required by the FLSA.

9. Some of the uncompensated "off-the-clock" work performed by Plaintiff and other similarly situated current and former employees consisted of:

    (a) being required, forced, induced, encouraged, expected and, suffered or permitted, to don protective safety items and gear before clocking-in to their regularly scheduled shifts, without being compensated for such donning time; and

    (b) being required, forced, induced, encouraged, expected and, suffered or permitted, to doff protective safety items and gear after clocking-out of their regularly scheduled shifts, without being compensated for such doffing time

10. Donning protective safety items and gear prior to their regularly scheduled shifts was an integral and indispensable part of Plaintiff's and other similarly situated covered employees' job requirements and duties during the Covered Period.

11. Doffing protective safety items and gear after their regularly scheduled shifts was an integral and indispensable part of Plaintiff's and other similarly situated covered employees' job requirements and duties during the Covered Period.

12. Hankook required Plaintiff and other similarly situated hourly-paid employees to don and doff Hankook issued fully protective arc flash pants and shirts as well as other protective gear such as goggles, steel toed boots, gloves, ear plugs and hard hats.

13. In addition to unpaid time spent donning and doffing integral and indispensable protective safety equipment, Plaintiff and other similarly situated employees were required to remain in the work area after the end of their scheduled shift time to participate in a "pass down" with the next shift. This pass down was always performed after the end of a scheduled shift, and Plaintiff and other similarly situated employees were not compensated for this time spent performing "pass downs."

14. Hankook has/had actual and constructive knowledge of Plaintiff and other similarly situated covered employees performing job duties "off-the-clock" during and outside their regularly scheduled hours without being paid for such time.

15. The net effect of Hankook's common plan, policy and practice of failing to pay Plaintiff and other similarly situated covered employees for all work performed, including all overtime work performed, was a scheme to save payroll costs and payroll taxes for which Hankook has unjustly enriched itself and has enjoyed ill gained profits at the expense of Plaintiff and other similarly situated members of the class.

16. Considering that Plaintiff and other similarly situated covered employees worked forty (40) or more hours during weekly pay periods of the Violation Period for Hankook, had they properly been compensated for all "off-the-clock" work, such time would have been added to their overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

**Hankook Failed to Keep Accurate Time Records**

17. Hankook failed to accurately record actual hours worked by Plaintiff and other similarly situated covered employees as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. Instead of accurately recording all time worked by Plaintiff and those similarly situated covered employees, Hankook willfully required, forced, induced, encouraged, expected and, suffered or permitted, Plaintiff and other similarly situated covered employees to perform tasks and work additional time in excess of forty (40) hours per week within weekly pay periods of the Violation Period, for which all such hours were not recorded.

19. Hankook knew, and was aware at all times, that Plaintiff and other similarly situated employees worked more hours than the hours reflected in their scheduled shifts, and at times more than forty (40) hours within weekly pay periods of the Violation Period without compensating them at the rate of one and one-half times their regular hourly rate of pay for all such overtime hours, as required by the FLSA, and; thereby violated the overtime compensation requirements of the FLSA.

20. Hankook knew, and was aware at all times, that it was not recording all of the work time of Plaintiff and other similarly situated employees during the violation period.

21. Hankook required forced, induced, encouraged, expected and, suffered or permitted, Plaintiff and other similarly situated employees to perform uncompensated work and was aware at all times that they performed such uncompensated work during the violation period, in violation of the FLSA.

### Hankook Knew It Did Not Properly Pay Its Covered Employees

22. Hankook failed to pay Plaintiff and other similarly situated employees for all hours actually worked, including overtime wage compensation for such hours worked in excess

of forty (40) per week within weekly pay periods during the violation period, as required by the FLSA.

23. Hankook's common plans, policies and practices of failing to compensate Plaintiff and other similarly situated covered employees for all "off the clock" hours worked (as describe above), including overtime hours at the required overtime rate, violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Hankook's unlawful practices, it benefited from reduced labor and payroll costs.

24. Hankook failed to compensate Plaintiff and other similarly situated employees in accordance with its unlawful common plans, policies and practices of working them "off the clock" (as described above), without pay.

25. As a result of Hankook's improper and willful failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

27. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid employees of Hankook Tire Manufacturing Tennessee, LP who were required to work "off the clock" during the Violation Period, at the Hankook facility located in Clarksville, Tennessee.

28. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Hankook's common plans,

6

policies and practices of failing to pay them for "off the clock" work time, including compensation at one-and one-half times their regular hourly rate of pay for all such "off the clock" overtime work in excess of forty (40) per week within weekly pay periods during the Violation Period.

29. Hankook required, forced, induced, encouraged, expected and, suffered or permitted, Plaintiff and other similarly situated employees to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

30. Hankook knew Plaintiff and other similarly situated employees' "off the clock" work required additional wages and overtime compensation to be paid them. Nonetheless, Hankook operated under the aforementioned centralized and common plans, policies and practices (schemes) to deprive Plaintiff and other similarly situated covered employees of wages and overtime compensation as required by the FLSA.

31. Plaintiff believes the definition of the class could be further refined following discovery of Hankook's records.

32. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

33. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class who work or have worked for Hankook are and were subject to its same and common operational, compensation and timekeeping plans, policies and practices, including Hankook's common plan, policy and practice of working them "off the clock."

34. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected, induced and/or required to work "off the clock", without being compensated for such "off the clock" work.

- Whether Hankook suffered and permitted Plaintiff and other members of the class to work "off the clock" hours without compensation, including hours in excess of forty (40) per week within weekly pay periods during the relevant statutory limitations' period;

- Whether Hankook failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during the relevant statutory limitations' period;

- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Hankook, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Hankook is liable for interest, attorneys' interest, fees, and costs to Plaintiff and other class members;

35. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, he has retained competent counsel who are experienced in collective action litigation.

36. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions,

making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

37. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by Hankook.

38. Hankook's conduct, as alleged herein, was willful and has caused significant damage and loss of wages and overtime compensation to Plaintiff and other similarly situated covered employees. Hankook lacked a good faith basis for its failure to work Plaintiff and class members "off the clock" without compensation.

39. Hankook is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated covered employees. Plaintiff requests the Court to authorize notice to the members of the collective class, to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40. Plaintiff estimates there are approximately several hundred members of the collective class. The precise number of collective class members can be easily ascertained by using Hankook's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Hankooks' facilities located in Clarksville, Tennessee.

# CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

42. Plaintiff and other current and former Covered Employees of Hankook have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

43. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

44. Plaintiff and other similarly situated employees of Hankook regularly performed "off the clock" work duties during weekly pay periods of the Violation Period but were not paid for all such "off the clock" hours worked and were not paid overtime wages for all such "off the clock" overtime work -- all in violation of the FLSA.

45. Through its common plans, policies, practices and actions, Hankook violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all actual hours worked, including overtime hours worked.

46. The "off the clock" unpaid wage claims of Plaintiff and other similarly situated employees are unified through a common theory of FLSA violations.

47. Plaintiff and other covered employees are similarly situated in that they are and have been subjected to Hankook's common plan, policy and practice of working them "off the

clock", without being paid for such "off the clock" work hours during the Violation Period.

48. The foregoing actions of Hankook violated the FLSA.

49. Hankook's actions were willful and not in good faith.

50. As a direct and proximate cause of Hankook's unlawful conduct, Plaintiff and other similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

51. Hankook is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the class demand that the Court enter judgment in their favor on this Collective Action Complaint and:

a. Award judgment in favor of Plaintiff and other similarly situated employees against Hankook for an amount equal to Plaintiff's and collective action members' unpaid back wages pursuant to the applicable wage and overtime rates;

b. For certification of and notice to the collective class as further defined and determined by motions practice;

c. Find and declare that Hankook's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d. Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e. Award prejudgment interest (to the extent that liquidated damages are not awarded);

f. Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Hankook, in accordance with the FLSA;

g. Award pre and post-judgment interest and court costs as further allowed by law;

h. Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and,

i. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demand a **trial by jury** as to all issues.

Dated: January 31, 2020.                    Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiff
and those similarly situated*