IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW DIONYSIUS, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| HANKOOK TIRE MANUFACTURING, TENNESSEE, LP, | ) ) ) ) |
| Defendant. | ) ) |

NO. 3:20-cv-00091

JUDGE CAMPBELL
MAGISTRATE JUDGE HOLMES

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Conditional Certification. (Doc. No. 62). Plaintiff filed a proposed Notice of Collective Action (Doc. No. 63-3) and proposed Consent Form (Doc. No. 63-4). Through the Motion, Plaintiff asks the Court to: (1) authorize Plaintiff's claims to proceed as a collective action; (2) direct Defendant to provide Plaintiff with information related to the class, including names addresses, and dates of employment, in a specified format; (3) order the distribution of the Court-approved Notice in a specified manner; (4) toll the statute of limitations period for the putative class to November 16, 2020; (5) authorize the issuance of a reminder post-card to be filed half-way through the notice period; and (6) require that the opt-in Consent Forms be deemed "filed" on the date that they are postmarked. (Doc. No. 62). Defendant filed a Response in opposition (Doc. No. 78), and Plaintiff filed a Reply (Doc. No 79). For the reasons discussed below, Plaintiffs' motion to conditionally certify collective action is **GRANTED in part** and **DENIED in part**.

## I. FACTUAL BACKGROUND

Plaintiff filed this action as a purported collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Compl., Doc. No. 1). Defendant Hankook Tire Manufacturing, Tennessee, LP ("Hankook") operates facility in Clarksville, TN, where Plaintiff was employed as a Maintenance employee. (*Id*. ¶ 3). Plaintiff alleges that he and other similarly situated, hourly-paid employees were regularly required to work in excess of their regularly scheduled 40 hours without compensation, in violation of the overtime compensation requirements of the FLSA. (*Id*. ¶7). Plaintiff states it was the policy of Hankook to require Plaintiff and other similarly situated persons to perform "off the clock" work, including requiring employees to don and doff protective gear outside of their scheduled hours without compensation and to provide additional assistance outside of their scheduled hours without compensation. (*Id*. ¶¶ 9-13).

In support of his motion, Plaintiff filed his own declaration (Doc. No. 63-1), as well as the declarations of Maintenance employees Josh Garry and Joseph Samples and Production employees Eric Bogle and Jessie Smothers (Doc. No. 63-2). Though the declarants hold one of two separate positions, Maintenance or Production, they allege the same conduct by the Defendant. They state that they were required to arrive at least 15 minutes before the start of their shifts to attend "pass down" meetings from the previous shift. (Doc. No. 63-1: Dionysius Decl. ¶6; Doc. No. 63-2: Bogle Decl. ¶7; Garry Decl. ¶9; Samples Decl. ¶9; Smothers Decl. ¶7). They further state that they were regularly required to stay after their scheduled shift either to assist with a "pass down" meeting for the next shift or provide additional support to other shifts if needed. (Doc. No. 63-1: Dionysius Decl. ¶6; Doc. No. 63-2: Bogle Decl. ¶7; Garry Decl. ¶10; Samples Decl. ¶10). Finally, they state that they were required to work on weekends or scheduled days off either without compensation or without overtime pay. They assert that if they marked this time on their timecards that it would

2

be subsequently adjusted by Defendant or they would be paid at their normal rate rather than at an overtime rate. (Doc. No. 63-1: Dionysius Decl. ¶7; Doc. No. 63-2: Bogle Decl. ¶8; Garry Decl. ¶11; Samples Decl. ¶¶ 13, 15; Smothers Decl. ¶ 10). Maintenance employees additionally state that they were not compensated for the periods of time before and after their shifts required to don and doff mandatory safety equipment. (Doc. No. 63-1: Dionysius Decl. ¶6; Doc. No. 63-2: Garry Decl. ¶¶ 7,8; Samples Decl. ¶¶ 7, 12)

## II. STANDARD FOR CONDITIONAL CERTIFICATION

The FLSA provides that a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," but courts have held that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs. *Bradford v. Logan's Roadhouse, Inc*., 137 F. Supp. 3d 1064, 1071 (M. D. Tenn. 2015); *Watson v. Advanced Distribution Servs*., LLC, 298 F.R.D. 558, 561 (M.D. Tenn. 2014). Employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien v. Ed. Donnelly Enterprises, Inc.,* 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).

Courts generally recognize a two-step process to determine whether plaintiffs are similarly situated. *Bradford*, 137 F. Supp. 3d at 1071. The first step takes place at the beginning of discovery, where the plaintiff bears the burden of showing that employees in the purported class are similarly situated. *Id*. The plaintiff must show only that her position is similar, not identical, to the positions held by the putative class members. *Id*. (citing *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546

(6th Cir. 2006)). At this first stage, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id*. Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Fed. R. Civ. P. 23. *Potts v. Nashville Limo & Transport, LLC*, 2015 WL 4198793 at * 4 (M.D. Tenn. July 10, 2015).

At the first stage, the plaintiff must present substantial allegations supported by declarations; once the plaintiff has met that burden, a court, in its discretion, may conditionally certify the case as a collective action, regardless of what exemptions the defendant wishes to assert at a later time. *Medley v. Southern Health Partners, Inc*., 2017 WL 3485641 at * 5 (M.D. Tenn. Aug. 15, 2017). If a court approves conditional certification, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Comer*, 454 F.3d at 546; *Bradford*, 137 F.Supp.3d at 1072. The certification at this stage is conditional and by no means final. *Bradford*, 137 F.Supp.3d at 1072. A court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations to determine whether a plaintiff has met his evidentiary burden at this first stage. *Id.*

### III. ANALYSIS

**A.     Conditional Certification**

Plaintiff's complaint identified the purported class as:

> All current and former hourly-paid employees of Hankook Tire Manufacturing Tennessee, LP who were required to work "off the clock" during the Violation Period, at the Hankook facility located in Clarksville, Tennessee.

(Doc. No. 1 ¶ 27). Plaintiff's Motion more narrowly defines the class as "current and former hourly-paid Maintenance and Production employees." (Doc. No. 63).

Defendant disputes that Plaintiff has identified a manageable class with whom he is similarly situated. (Doc. No. 78). Defendant's objection stems from the definition of the purported class as stated in the Complaint (Doc. No. 1). However, Plaintiff's motion defines a narrower class. The declarations Plaintiff filed in support of his motion are the declarations of three Maintenance employees, including himself, and two Production employees, all members of the purported class. All allege a pattern and practice of requiring employees to work outside of their regularly scheduled hours without compensation or without overtime pay. (*See* Doc. Nos. 63-1; 63-2). Acknowledging this narrower group, Defendant argues that Maintenance and Production employees are "wholly separate jobs," precluding a finding that Plaintiff is similarly situated with the Production employees. In support of this argument, Defendant states that the purported class members are required to wear different protective gear, work in different locations, attend different meetings, and report to different managers.

At the conditional certification stage, however, Plaintiff needs to "show only that his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 547 (internal quotations omitted). The declarations demonstrate that potential class members are "unified by common theories of [the Defendant's] statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien,* 575 F.3d at 585. At this stage of the proceeding, Plaintiff's factual showing is sufficient proof that he is similarly situated to other hourly-paid Maintenance and Production employees. Accordingly, the Court finds that Plaintiff has met the lenient standard for conditional certification.

**B.     Notice and Consent Forms**

Defendant objects to Plaintiff's proposed notice form on the same grounds upon which it bases its certification arguments. The Court has determined that Plaintiff has sufficiently met the

standard for conditional certification of the class as it is defined in Plaintiff's motion. The proposed notice and consent forms provided by Plaintiff do not adequately reflect the more narrowly defined class of hourly-paid Maintenance and Production employees. It identifies the eligible recipient as simply "an hourly-paid employee." (Doc. No. 63-3).

Defendant requests that, should the Court conditionally certify the class, that Defendant be permitted the opportunity to confer with Plaintiff regarding the language of the notice. Defendant also requests leave to file a competing notice and objections if necessary. Plaintiff does not object to this request. Accordingly, the parties shall meet and confer regarding the notice form and consent form. On or before October 15, 2021, the parties shall file a joint statement, a proposed notice form, and proposed consent form, which conform to the defined class approved by this Order. The Court encourages the parties to work diligently to resolve their disputes on this matter. However, if the parties are unable to reach an agreement, they shall file competing notice proposals and explanatory memoranda on or before October 15, 2021.

**C.    Equitable Tolling**

Plaintiff requests tolling of the statute of limitations for the putative class to the date when their motion was fully briefed. Plaintiff's argument on this point is limited to a footnote near the end of their briefing. The Court declines to consider arguments not raised in the body of the brief. *See Henkel of America, Inc. v. Bell*, 825 Fed. Appx. 243, 260 (6th Cir. 2020) (declining to consider an argument addressed only in a footnote). The Court notes, however, that most district courts within the Sixth Circuit have found that it is "improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court." *Brittmon v. Upreach, LLC*, 285 F.Supp.3d 1033, 1046 (S.D. Ohio 2018) (collecting cases); *see also*, *Foster v. Sitel Operating Corp.*, No. 3:19-cv-00148, 2020 WL 3485576 (M.D. Tenn. May. 22, 2020) (denying motion to equitably toll claims

of potential opt-in plaintiffs); *Bradford v. Logan's Roadhouse, Inc*., 137 F. Supp. 3d 1064, 1081 (M.D. Tenn. 2015) (declining to consider "undeveloped statute of limitations issues" at the conditional certification stage); *McGill v. Nashville Tennessee Ventures, Inc.*, No. 3:19-cv-00922, 2020 WL 5983113 (M.D. Tenn. October 8, 2020) (same).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to conditionally certify the collective action is **GRANTED**. The Court **DENIES** Plaintiff's request to equitably toll the statute of limitations. The Court reserves ruling on the motion to approve the notice and consent forms. Plaintiff and Defendant shall confer and, on or before October 15, 2021, shall their joint statement and forms or competing forms and memoranda.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE