# SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS,** Matthew Dionysius ("Named Plaintiff") filed a lawsuit against Hankook Tire Manufacturing Tennessee, LP ("Hankook") styled <u>Matthew Dionysius, Individually, and on behalf of themselves and on behalf of others similarly situated, v. Hankook Tire Manufacturing Tennessee, LP</u>, Case No. 3:20-cv-00091 in the United States District Court for the Middle District of Tennessee (the "Lawsuit"), seeking damages and asserting claims relating to alleged non-payment of wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

**WHEREAS,** the two hundred and sixty-one (261) current and former production and maintenance employees of Hankook listed in Appendix A filed a Consent to Join the Lawsuit ("Opt-in Plaintiffs") (collectively with Named Plaintiff the "Plaintiffs");

**WHEREAS,** Hankook denies that it violated any law or otherwise acted inappropriately toward Plaintiffs in any way and believe that Plaintiffs' Lawsuit and claims are without merit but recognizes the costs, risks, and delay of continued litigation;

**WHEREAS,** Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this agreement is in the best interests of all;

**WHEREAS,** Plaintiffs and Hankook (collectively the "Parties") engaged in formal and informal discovery regarding the hours worked and pay of Plaintiffs, and the Parties also engaged in a day-long mediation with mediator Reid Estes on June 7, 2022 during which the Parties arrived at an agreement to settle the Lawsuit on the basis described herein;

**WHEREAS,** there is a bona fide factual dispute regarding amounts allegedly owed to Plaintiffs, and all other matters of liability and damages, the Parties believe it to be in their respective best interests to enter into this Settlement and Release Agreement ("Agreement" or "Release") to resolve fully and finally all differences between them that are or could have been the subject of the Lawsuit or that otherwise have arisen up until the date of the execution of this Agreement and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

**THEREFORE,** in consideration of the mutual promises in this Agreement, the Parties agree as follows:

1. **Payments.**

    A. Hankook agrees to pay the total gross amount of Two-Hundred and Five Thousand Dollars and 00/100 Cents ($205,000.00) in full and final settlement of this matter.

    B. Of the total gross amount listed above, Hankook will pay Plaintiffs the amounts shown on Appendix A to this Agreement (the "Net Fund"). One-half of each Plaintiff's proportionate share of the Net Fund will be paid and reported as wages for tax purposes, minus appropriate withholdings, with the Plaintiffs receiving an IRS Form W-2, and one-half will be

treated as a settlement of their claims for liquidated damages, exemplary damages, and interest, and will be paid and reported on an IRS Form 1099.

      C.     Of the total gross amount listed above, Hankook will pay Named Plaintiff the sum of Five Thousand Dollars and 00/100 Cents ($5,000.00) for his services in bringing the lawsuit and which will be paid and reported on an IRS Form 1099.

      D.     Of the total gross amount listed above, Hankook will pay the sum of Ninety-Nine Thousand, Eight Hundred and Sixty-Four Dollars and 92/100 Cents 99,862.92($ for attorney's fees and Ten Thousand Dollars and 00/100 Cents$10,000.00 for costs and expenses to JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT ("Plaintiffs' Counsel), for attorney's fees and costs and expenses associated with the Lawsuit. The amount set forth herein is in full and complete settlement of all attorneys' fees, costs and expenses to be paid by Hankook to Plaintiffs, Named Plaintiff, and Plaintiffs' Counsel in settlement of the Lawsuit. Hankook agrees that the agreed upon fees and costs are reasonable and Hankook shall not require Plaintiffs' counsel to separately petition for fees and costs. If the Court requires Plaintiffs' counsel to separately petition for fees and costs, Hankook shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

      E.     Hankook will deliver the amount described in Subsection A of this Section to a mutually agreed upon third party settlement administrator within twenty-one (21) days after the Lawsuit is dismissed with prejudice. Within fourteen (14) days of receipt of these funds and any necessary IRS Form W-9s from Plaintiffs and Plaintiffs' Counsel, the settlement administrator will make distributions to Plaintiffs and Plaintiffs' Counsel as described in this Section and Appendix A.

      F.     As additional consideration Hankook agrees to pay the Mediator's fees and the fees associated with having a third party settlement administrator administer the settlement.

**2.** **Lost or Misdirected Payments.** Plaintiffs shall have 90 days from the date of payment to negotiate settlement checks. If a Plaintiff's check is lost, destroyed, or otherwise unusable, the payee may notify Hankook, through counsel, within 90 days of the date of payment and Hankook will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of issuance to negotiate the replacement check. Hankook shall give Plaintiffs' Counsel notice of names of Plaintiffs with uncashed checks 70 days after the date of payment so that Plaintiffs' Counsel can follow up with Plaintiffs to determine whether Plaintiffs need to request a new check to be issued.

**3.** **No Effect on Other Benefits**. The Parties agree that settlement payments under this Settlement shall not be considered compensation or hours of service or otherwise affect the calculation of benefits or eligibility under any employee benefit plans sponsored by Hankook, including but not limited to vacation pay, holiday pay, pension, or retirement plan contributions.

**4.** **Dismissal of All Claims with Prejudice.** The Parties' settlement is contingent upon approval by the Court. The Parties agree to submit a joint motion requesting approval of the terms of this Agreement and dismissal of the claims of Plaintiffs with prejudice. If the Court

2

does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court.

5. **Release of Claims.** In exchange for the payments set forth above, Plaintiffs, and each of their heirs, estates, executors, administrators, assigns, transferees and representatives, hereby release and forever discharge Hankook, their present or former owners, parents, subsidiaries, officers, directors, managers, employees, agents, consultants, successors, assigns, transferees, representatives, and any affiliate corporations, parents, subsidiaries, business entities, and insurers, from any and all claims, rights, demands, liabilities and causes of action of every nature and description which were brought in the Lawsuit, accruing from the beginning of time through the date the last Named Plaintiff executes this Agreement. This release is limited to all of Plaintiffs' claims for alleged failure to properly pay overtime or to properly compensate employees for all hours worked, including for alleged unpaid shift change meetings, donning and doffing, and any other alleged off-the-clock work performed by Plaintiffs for Hankook, but includes all monetary damages, liquidated damages, interest, attorneys' fees, costs, and punitive damages associated with those claims, pursuant to:

(1) the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*); and

(2) the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Tennessee regarding failure to pay wages or overtime wages.

6. **Non-Disparagement; Neutral Reference; No Publication.** Neither Party shall make any statement, including any statements on any social media platform, that could reasonably be construed as disparaging to the other Party. Hankook shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Hankook, Hankook shall provide the reference within a reasonable time and that is consistent with Hankook's existing policy as it relates to references.

7. **No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Hankook of any liability whatsoever or as an admission by Hankook of any acts of wrongdoing, misclassification, or discrimination against Plaintiffs or any other persons. In fact, Hankook specifically disclaims improper wage payments, or any liability and wrongdoing. Hankook affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

8. **No Assignment.** Named Plaintiff represents and warrants that he has not assigned to a third party any of his current or potential claims against Hankook.

3

**9.     Knowing and Voluntarily Release:** Named Plaintiff acknowledges and agrees that he has had sufficient time to consider this Agreement and to consult with legal counsel of his choosing considering its meaning and significance. When entering into this Agreement, Named Plaintiff has not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**10.     Choice of Law:** This Agreement is deemed by the Parties to be made and entered into in the State of Tennessee. It shall be interpreted, enforced, and governed under the laws of Tennessee.

**11.     Waiver:** Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**12.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

**13.     Cooperation Clause:** The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**14.     Entire Agreement:** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

**15.     Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**16.     Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**17.     Remedy for Breach:** If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court Middle District of Tennessee, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

**18.     Signature:** The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, she will be provided to all Parties for their records.

**19.** **Construction:** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

**WHEREFORE**, to signify their agreement to the terms of this Settlement and Release Agreement, which consists of five (5) typewritten pages, the Parties have executed this Settlement and Release Agreement and on the date(s) set forth below.

_____    _____
MATTHEW DIONYSIUS, individually and    Date
on behalf of Opt-In Plaintiffs


FOR HANKOOK TIRE MANFACTURING
TENNESSEE, LP


_____    _____
                                    Date
By:_____

Title:_____

# Appendix A

| NAME | ALLOCATION |
|---|---|
| Aaron Cunningham | $5.00 |
| Adia Buckley | $76.26 |
| AJ Nunley | $5.00 |
| Alec Jones | $110.74 |
| Alexander Peacock | $96.32 |
| Alexandria Rice | $62.02 |
| Alicia Stewart | $84.93 |
| An'Jani Petty | $17.89 |
| Anastasia Honea | $77.37 |
| Angela Manners | $88.21 |
| Anisha Johnson-Gales | $25.60 |
| Anna Perkins | $16.70 |
| Anthony Phillips | $43.10 |
| Anthony Young, Sr. | $52.95 |
| Antonio Carney | $117.00 |
| Antonio Johnson | $71.89 |
| Antonio Wentz, Jr. | $12.93 |
| Antonio Williams | $25.23 |
| April Rockwood | $53.49 |
| Aundrez Abren | $1,921.05 |
| Austin Berry | $5.00 |
| Bendelle Maxie | $101.77 |
| Bethani Terrell | $100.53 |
| Beverly Hale | $5.00 |
| Bradley White | $91.70 |
| Branden Brown | $31.34 |
| Brandon Hamilton | $3,842.10 |
| Brandon Wiggins | $59.96 |
| Brandy Dubose | $133.54 |
| Brian Gough | $129.19 |
| Byron Dewayne Powell | $108.72 |
| Calvin Parker | $100.53 |
| Camdyn Dinwiddie | $7.14 |
| Cameron Fletcher | $21.63 |
| Carione Mullins | $26.98 |
| Carlos Cartwright | $100.91 |
| Carlos D. Cartwright Sr. | $87.84 |

| | |
|---|---|
| Cathey Ellison | $5.00 |
| Cathryn Vickers | $78.53 |
| Cathy Lucas | $40.07 |
| Cedrick Cheatham | $110.63 |
| Charles Lyons | $102.09 |
| Charles Teasley | $76.80 |
| Charteir Baker | $6.31 |
| Christopher Avery | $83.38 |
| Christopher Davis | $22.00 |
| Christopher McMakin | $90.30 |
| Ciara Brown (Clara Brown) | $22.08 |
| Clifton Bryant | $25.60 |
| Corey Warford | $17.87 |
| Cornelius Tucker | $98.30 |
| Craig Bass | $5.00 |
| Craig Fackender | $1,638.36 |
| Dameion Leavell | $1,152.63 |
| Daniel Howard | $28.55 |
| Daquan Greene | $22.03 |
| Darrice Vines | $5.00 |
| Darrin Burrus | $5.00 |
| David Jarrett | $104.64 |
| David Trotter | $130.67 |
| Deandre Allen | $59.42 |
| DeAndre Vines | $8.41 |
| Deanthony Merritt | $29.16 |
| DeHaven Williams | $18.92 |
| Denette Ogburn | $108.75 |
| Dennis Hampton | $108.75 |
| Derrick Henson | $5.00 |
| Derrick Murphy | $10.29 |
| Derrick Osborne | $1,728.95 |
| Deshaun Outlaw | $83.97 |
| DeShun Davis | $16.90 |
| Desiree Dean | $42.63 |
| Devin Wylie | $396.58 |
| Dominque Shamell | $5.00 |
| Donald Franklin Legette | $80.87 |

| Name | Amount |
|---|---|
| Donald Passmore | $143.19 |
| Dontavious Osborne | $6.46 |
| Dorian Bagwell | $25.26 |
| Dustin Blair | $3,033.72 |
| Dwayne Caldwell | $76.36 |
| Dwaynel Porter | $7.88 |
| Dylan Carney | $37.72 |
| Earnesha Collier | $16.05 |
| Eddie Clark | $72.81 |
| Edward Allen | $48.22 |
| Eric Bogle | $156.00 |
| Eric Doyle | $115.14 |
| Eric Herron | $30.78 |
| Eric Wall | $10.93 |
| Ernest Little | $5.00 |
| Ezra Gray | $90.76 |
| Faiatiga Leuluai | $128.09 |
| Felix Ridley | $51.44 |
| Fernando Santiago | $3,290.84 |
| Fredric Talley | $152.33 |
| Garfield Bather | $150.00 |
| Garfield Christopher Scott | $70.50 |
| Gary Ranck | $76.07 |
| George Diggs | $5.00 |
| Gilland Demoss | $85.51 |
| Ginger Tanner | $5.00 |
| Glenita M. White | $15.72 |
| Gordon Leslie Trader | $1,929.34 |
| Gregory Wiggins | $9.33 |
| Harold Thompson | $69.56 |
| Hayward Edward | $465.55 |
| Henry Ortiz | $36.50 |
| Hosea Miller | $7.82 |
| Illia Cole | $99.19 |
| Jacoby Smith | $33.97 |
| Jalen Burney | $28.60 |
| Jamario White | $42.76 |
| James Darden | $4,418.42 |

| Name | Amount |
|---|---|
| James Kendrick | $109.56 |
| James Killebrew | $5.00 |
| James Merriweather | $68.62 |
| James Northington | $100.83 |
| James Sidwell | $56.60 |
| James Van Reenan | $77.79 |
| Jana McDonald | $30.84 |
| Jarvis McGee-Harris | $34.89 |
| Jasmine Snipe | $27.21 |
| Jasmine Tashaun Watts | $5.00 |
| Jason Rodriguez | $931.07 |
| Jason Smart | $103.14 |
| Jason Travierso | $3,629.37 |
| Javonia McNeill | $95.32 |
| Javonne Smith | $5.00 |
| Jay B. Lathon | $20.00 |
| Jay Clifton | $2,727.89 |
| JB Rodgers | $83.73 |
| JC Bryson | $75.62 |
| Jeff Sayle | $3,629.37 |
| Jeffery Herald | $3,459.40 |
| Jennifer Utley | $5.00 |
| Jeremy Townsend | $13.26 |
| Jermarcus Billington | $48.96 |
| Jerome Jackson | $151.80 |
| Jerome McElrath | $99.63 |
| Jessie Smothers | $160.00 |
| Jimmie Smith | $77.86 |
| Joe Wesley | $5.00 |
| John Bell | $20.90 |
| John C. Winters | $51.20 |
| John Curtis Rice | $93.16 |
| John Daniel Lehman | $15.35 |
| John Hawkingberry, Jr. | $5.00 |
| John Teague | $3,781.17 |
| Jon Doke | $2,727.89 |
| Jon Ross | $3,056.48 |
| Joseph Bass | $31.59 |

| Name | Amount |
|---|---|
| Joseph Brown | $2,565.32 |
| Joseph Harvey | $36.39 |
| Joseph McMillan | $132.78 |
| Joseph Samples | $3,419.47 |
| Josh Garry | $1,827.44 |
| Jovan Jackson | $104.39 |
| Julio Cotrina | $80.74 |
| Justin Miller | $5.00 |
| Justin Napper | $5.00 |
| Kayla Danielle Mclean | $5.00 |
| Kem Webb | $150.00 |
| Keosha Willis | $5.00 |
| Kerry Futrell | $5.00 |
| KeUndrea Ogburn | $60.59 |
| Kierra Ogburn | $5.00 |
| Kyle Dickson | $106.55 |
| Lakisa Shenea Pardue | $5.00 |
| Lance Wheeles | $5.00 |
| Larry Mack | $120.13 |
| LeeJerricus Bullock | $5.69 |
| Leticia Moss | $10.86 |
| Lisa-Marie Serna | $5.00 |
| Malcolm Beard | $58.30 |
| Mamdouh Sidhom | $117.28 |
| Marcus Romious | $14.72 |
| Mario Richards | $6.79 |
| Marion Thompson | $75.98 |
| Mark Felix Wirfel | $56.76 |
| Mark Harris | $3,827.39 |
| Marvin Broadus | $5.00 |
| Marvin Brooks | $4,464.77 |
| Matthew Dionysius | $1,152.63 |
| Melissa Black | $54.66 |
| Michael Jones | $110.57 |
| Michael Makar | $66.36 |
| Michael Menefee | $112.05 |
| Michael Oliver | $52.54 |
| Michael Sims | $6.38 |

| Name | Amount |
|---|---|
| Michael Taumua | $24.16 |
| Michelle Hernandez | $73.71 |
| Mitchell Gold | $90.71 |
| Mixson, Curtis | $125.74 |
| Montrea Farrow | $24.84 |
| Nathan Tanner | $41.31 |
| Nathaniel Stowe II | $3,070.47 |
| Nicholas Meriwether | $1,959.47 |
| Nicole Grotschel | $3,481.12 |
| Noel Small | $66.97 |
| Ocie Nichols | $150.00 |
| Oliver Holmes | $64.66 |
| Pamela Taylor | $5.00 |
| Patrick Hawkins | $26.14 |
| Paul A. Neff | $2,343.68 |
| Paula Fields | $24.21 |
| Philip Pierce | $134.23 |
| Quevonda Booth | $79.98 |
| Raykwon Lundin | $8.67 |
| Raymond Lewis | $45.36 |
| Rayna Allsbrooks | $88.08 |
| Reginald Lucas | $5.00 |
| Rikeece Covington | $52.44 |
| Robert Vance | $37.67 |
| Rockie Thomas | $1,080.27 |
| Ronald Coleman | $111.20 |
| Ronald Spencer | $5.00 |
| Sam Attaguile | $27.70 |
| Samuel Purnell | $43.01 |
| Samuel Purnell | $43.01 |
| Sandra Jones | $92.30 |
| Scott, Dante | $98.52 |
| Sean Idowu Ashaolu | $89.75 |
| Shalonda Kelly | $76.16 |
| Shamya ONeal | $5.00 |
| Shane Keener | $51.30 |
| Shaniqua Darrett | $5.00 |
| Shaquanna Downs | $97.97 |

| | |
|---|---|
| Sharonin Dowlen | $84.18 |
| Sheila Ferguson | $21.83 |
| Sherbrittny Bell | $51.16 |
| Shiann Todd | $135.77 |
| Simon Alarcon | $66.23 |
| Stephanie Browder | $19.86 |
| Stephanie Mullins | $5.00 |
| Stephen Crawley | $21.02 |
| Steve Williams | $52.56 |
| Steven Coderre | $23.84 |
| Steven Ford | $146.16 |
| Sylvia (Hedrick) Parish | $5.00 |
| Tamara Newby | $61.54 |
| Tami Jones | $78.25 |
| Tamika Tripple | $52.68 |
| Tammy Carney | $98.04 |
| Tammy L. Arms | $83.68 |
| Tanisha Curlin | $86.72 |
| Tennall Burrows | $90.22 |
| Terry Richardson | $86.75 |
| Terry Richardson | $86.75 |
| Theresa Monday | $32.12 |
| Tierra Underhill | $54.20 |
| Tiffany Starks | $34.37 |
| Timothy Laverty | $33.59 |
| Tina White | $65.19 |
| Tomea Hagewood | $103.27 |
| Tracy Williams | $50.05 |
| Tynarius Thaxter | $89.66 |
| Tyress Johnson | $88.42 |
| Ullanda Brewer | $48.58 |
| Varick Braswell | $99.35 |
| Walton Smith | $17.87 |
| Warren Jones, Jr. | $5.00 |
| William Mimms | $108.92 |
| William Sutryk | $44.15 |
| William Weathersby | $18.13 |
| Yavonne Earl | $27.31 |