IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MATTHEW DIONYSIUS**,
*Individually, on behalf of himself and on behalf of others similarly situated*,

    Plaintiffs,

v.

**HANKOOK TIRE MANUFACTURING TENNESSEE, LP,**
*a Tennessee Limited Partnership,*

    Defendant.

Case No. 3:20-cv-00091

JURY TRIAL DEMANDED

FLSA Opt-In Collective Action

## [PROPOSED] ORDER GRANTING MOTION FOR SETTLEMENT APPROVAL

Plaintiff Matthew Dionysius filed a Complaint against Defendant Hankook Tire Manufacturing Tennessee, LP on January 21, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (ECF No. 1.) The Parties now jointly seek approval of their proposed Settlement Agreement and Release of Claims. (ECF No. __). For the following reasons, the Court **GRANTS** the Motion.

A district court may scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by

1

attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute. The Settlement Agreement was negotiated and agreed upon in an adversarial context via a mediation; both sides are represented by experienced labor and employment counsel; and the agreed-upon resolution represents a fair and reasonable compromise of the FLSA claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

The Parties' motion is **GRANTED**, and the settlement agreement is **APPROVED** and this suit is **DISMISSED with prejudice** except, per the settlement agreement, the Court retains jurisdiction to enforce the settlement agreement's terms.

IT IS SO ORDERED this ___ day of _____, 2022.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE